**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MOHAMED BENHASSINE; MIZAR MIRI; MOHAMED SAIDI; EZZEDDINE KHADHOURIA; KHALID SALHI; ZIED AOUADI; REDOUSANE MANOUANI; FATHI BENAMOR; and ABDELRAHIM MEDDOUCH,

    Plaintiffs,

vs.

STAR TAXI, INC.; TRANSTAR TRANSPORTATION GROUP, INC.; STAR TRANSPORTATION MANAGEMENT, INC.; ALL ACCESS INTERNATIONAL, INC.; and STAR PARKING SOLUTIONS, INC.,

    Defendants.

Case No. 6:12-cv-1508-Orl-37KRS

**ORDER**

This cause is before the Court on the following:

1. Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) or Alternatively Pursuant to Rule 12(b)(6) (Doc. 15), filed November 13, 2012; and

2. Plaintiffs' Response Memorandum in Opposition to Defendants' Motion to Dismiss (Doc. 19), filed December 7, 2012.

**BACKGROUND**

Plaintiffs, who are "Muslims of Arab ancestry and Tunisian or Moroccan national origin," drove taxis in Orlando, Florida. (Doc. 1, ¶¶ 1, 26.) Plaintiffs allege in their complaint that they were Defendants' employees (*id.* ¶¶ 4–12, 24.); Defendants contend that Plaintiffs were independent contractors (Doc. 15, pp. 9–14). Plaintiffs allege that

Defendants prohibited the taxi drivers from speaking in any language but English and, if they were caught speaking in a foreign language, Defendants would fine them. (Doc. 1, ¶¶ 28–29.) Plaintiffs also allege that Defendants forbid them from participating in daily prayer. (*Id.* ¶¶ 30–38.) Plaintiffs allege that Defendants policies, specifically their policy forbidding daily prayer, made them afraid to pray in public and caused them "tremendous guilt and emotional distress for having to choose between their employments and participating in their mandatory daily prayers. (*Id.* ¶ 42.)

Things came to a head on January 8, 2012, as Benhassine prepared for daily prayer. (*Id.* ¶ 45.) His supervisor intervened, tried to take his taxi keys, and terminated his employment. (*Id.* ¶¶ 46–59.) The next day, Defendants began retaliating against the remaining Plaintiffs by not providing timely access to their taxis. (*Id.* ¶¶ 60–61.) This lawsuit followed. Plaintiffs bring claims against Defendants for discrimination and unlawful retaliation under numerous state and federal statutes, including Title VII, Section 1981, and the Florida Civil Rights Act.

## DISCUSSION

Defendants move to dismiss Plaintiffs' claims (1) for lack of subject matter jurisdiction and (2) for failure to state a claim.

**1. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Defendants make a "factual attack" on the Court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). They argue that Plaintiffs were independent contractors, not employees, and that Star Taxi does not meet the statutory definition of employer under Title VII. These are threshold jurisdictional issues, according to Defendants, that are not part of Plaintiffs' substantive claims. Plaintiffs maintain that these issues are substantive elements of Plaintiffs' claims that are

intertwined with the jurisdictional question.

Factual attacks on subject matter jurisdiction challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings. *Garcia v. Cohenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997.) As such, the Court is free to weigh the evidence outside the pleadings and satisfy itself as to the existence of its power to hear the case. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Nevertheless, if the attack necessary to sustain jurisdiction implicate the merits of a plaintiff's claim, then this Court should find that jurisdiction exists and treat the attack as an objection to the merits of the case. *Garcia*, 104 F.3d at 1261; *see also Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003).

Defendants rely on *Scarfo v. Ginsberg*, 175 F.3d 957 (11th Cir. 2003), in support of their position. In that case, the question was whether the defendants acted as a "single employer" with the definition of Title VII was a threshold jurisdictional issue. *Id.* at 961. The district court had determined, just prior to trial and using the standard for summary judgment, that the defendant corporations were not so interrelated so as to fall within Title VII's definition of a single employer. *Id.* at 959–60. The plaintiff's claims therefore could not be brought under Title VII, and the district court dismissed the case for lack of subject matter jurisdiction. *Id.* The Eleventh Circuit affirmed, holding that the "single employer" question was a threshold jurisdictional issue for the Court to resolve. *Id.* at 961.

In so holding, the Eleventh Circuit distinguished its previous decision in *Garcia v. Cohenhaver, Bell & Associates* in which the parties disputed whether the plaintiff was an employee or independent contractor. *See Scarfo*, 175 F.3d at 961. The *Garcia* court had held that the issue of whether a plaintiff was an employee was an element of an

Age Discrimination in Employment Act ("ADEA") claim for the purposes of Rule 12(b)(1). *Id.* The *Scarfo* court reasoned that the issue before it was different from the issue in *Garcia* because the district court had to determine which of the defendant corporations constituted a "single employer" as that term is defined by Title VII before the jury could reach the factual determination of whether the defendant corporations were employers subject to Title VII . *Id.* The issue in *Garcia* was analogous to the latter question, not the former. *Id.* Thus, because the *Scarfo* court recognized the first question is purely a question for the Court to decide, it affirmed the district court's dismissal. *Id.*

The issues raised by Defendants—whether Plaintiffs are employees and whether 15 or more "employees" worked for Defendants—are analogous to those raised in *Garcia*. The court may have subject matter jurisdiction if Plaintiffs prove their "employee" status rather than "independent contractor" status.[1] The issue of whether Plaintiffs are in fact employees, therefore, is an element of Plaintiffs' cause of action that is intertwined with the jurisdictional issue.

For these reasons, this ground of dismissal should be denied.[2]

---

[1] At this stage the record does not reflect how many individuals have relationships with Defendants similar to the "independent contractor" agreements, nor does the record reflect the relationships between Defendants. This last point is on little moment, however, because Defendants in this case have not raised a "single employer" challenge to the Court's subject matter jurisdiction.

[2] Defendants also argue that Plaintiffs' failure to name all the Defendants in their EEOC charges divests this Court of subject matter jurisdiction over the unnamed Defendants. This is correct insofar as "[o]rdinarily, a party not named in the EEOC charge cannot be sued in a subsequent civil action." *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1358 (11th Cir. 1994). Courts, however, liberally construe this requirement and exercise jurisdiction over parties not named in an EEOC charge "where the purposes of Title VII are fulfilled." *Id.* at 1358–59. Here, the record is not so developed that the Court can make this determination. Because the Court properly has jurisdiction of at least one Defendant at this time, it would not be an efficient use of judicial resources to dismiss the unnamed Defendants as Plaintiffs could just as easily

4

**2. Motion to Dismiss for Failure to State a Claim**

Defendants contend that Plaintiffs have not alleged facts in support of their Section 1981 claims. (Doc. 15, pp. 17–19.) Plaintiffs contend that there Section 1981 claims are supported by the allegations of their racial ancestry and Defendants' improper English-only policy. (Doc. 19, pp. 19–21.) Plaintiffs also contend that Section 1981 does provide a remedy for discrimination based on a person's ethnicity, as alleged in their Complaint. (*Id.*)

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleader must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[D]etailed factual allegations" are not required, but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

Section 1981 provides, in pertinent part, that all persons "have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, to the full benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981. To state a claim under Section 1981, a plaintiff must allege facts tending to show that (1) he is a member of a racial minority;

---

move to add the dismissed Defendants at a later date once they have the evidence needed to support such a motion. Defendants' arguments on this issue are more appropriately addressed on summary judgment, after the parties have conducted discovery.

(2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned one or more activities enumerated in the statute. *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1270 (11th Cir. 2004); *see also Chapter 7 Trustee v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1258 (11th Cir. 2012) (stating the elements of a retaliation claim).

Plaintiffs sufficiently allege a basis for their Section 1981 claims. They allege that they were intentionally discriminated against in part because they are Muslims of Arab ancestry and Tunisian or Moroccan national origin. These allegations are sufficiently precise to place Defendants on notice of the legal basis of Plaintiffs' claims that they were discriminated against because of their ancestry or ethnic characteristics, which is all that is required to bring a Section 1981 claim. *See Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987). Moreover, Defendants concede Plaintiff's ancestry allegations satisfy the first element of a Section 1981 claim.

Factual support for the second element can be drawn from the allegations regarding Defendants' English-only policy, their interaction with Plaintiffs regarding this policy and the daily prayer issue, their termination of Benhassine, and their interference with Plaintiffs' use of the taxis. These allegations provide a basis from which one can infer that Defendants intentionally discriminated and retaliated against Plaintiffs on the basis of their ancestry.

Lastly, because one of the enumerated activities in the statute is to "make and enforce contracts," there is no doubt the third element is satisfied here even under Defendants' independent contractor theory.

Therefore, this portion of Defendants' motion should be denied as well.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) or Alternatively Pursuant to Rule 12(b)(6) (Doc. 15) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 17, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:
Counsel of Record