**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MOHAMED BENHASSINE; NIZAR MIRI; MOHAMED SAIDI; EZZEDDINE KHADHOURIA; KHALID SALHI; ZIED AOUADI; REDOUANE MANOUANI; FATHI BENAMOR; and ABDELRAHIM MEDDOUCH,

   Plaintiffs,

v.            Case No. 6:12-cv-1508-Orl-37GJK

STAR TRANSPORTATION MANAGEMENT, INC.; TRANSTAR TRANSPORTATION GROUP, INC.; ALL ACCESS INTERNATIONAL, INC.; and STAR PARKING SOLUTIONS, INC.,

   Defendants.

## ORDER

This cause is before the Court on the following:

1. Defendants Star Taxi, Inc. and Transtar Transportation Group, Inc.'s Motions for Summary Judgment Against Individual Plaintiffs (Docs. 136, 143, 147, 148, 151, 152, 153, 154, 156), filed October 18, 2013;

2. Defendants Star Transportation Management, Inc. and Star Parking Solutions, Inc.'s Motion for Summary Judgment Against Plaintiffs and Incorporated Memorandum of Law (Doc. 155), filed October 18, 2013; and

3. Plaintiffs' Motion to Strike Defendants' Multiple Motions for Summary Judgment and Incorporated Memorandum of Law (Doc. 162), filed October 25, 2013.

Upon consideration, the Court finds that Plaintiffs' Motion to Strike (Doc. 162) is due to be granted.

## BACKGROUND

On October 18, 2013, Defendants Star Taxi, Inc. and Transtar Transportation Group, Inc. filed nine motions for summary judgment. (Docs. 136, 143, 147, 148, 151, 152, 153, 154, 156.) Though directed at different individual Plaintiffs, the motions are largely identical in both form and substance. Concurrently, Defendants Star Transportation Management, Inc. and Star Parking Solutions, Inc. filed a tenth motion for summary judgment directed at all Plaintiffs collectively. (Doc. 155.) This tenth motion reasserts arguments common to all Defendants (*see id.*, pp. 12–22) (arguing that Plaintiffs were not employees of Star Taxi for the purposes of Title VII or the Florida Civil Rights Act), but also raises defenses unique to Star Transportation and Star Parking (*see id.*, pp. 6–12) (contending that Star Transportation was inactive during the relevant timeframe, that Star Transportation and Star Parking never acted as a "single employer" with Star Taxi, and that Plaintiffs failed to exhaust administrative remedies against Star Taxi and Star Transportation). Plaintiffs move to strike all ten motions.[1] (Doc. 162.)

## STANDARD

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009).

## DISCUSSION

---

[1] Defendants have not yet responded to Plaintiffs' motion to strike. However, a response would not affect the Court's determination of this matter.

Both Local Rule 3.01(a) and the Court's Case Management and Scheduling Order (Doc. 26, p. 6) limit motions for summary judgment and supporting memoranda to a single document of not more than twenty-five (25) pages. While the language of the case management and scheduling order contemplates the filing of multiple motions for summary judgment—namely, a single summary judgment motion by each party and subsequent motions by Court permission—the guiding purpose of both the CMSO and the Local Rules is to "discourage wasteful pretrial activities, and to secure the just, speedy, and inexpensive determination of the action." (See Doc. 26, p. 2 (citing Local Rule 1.01(b))); *see also Voter Verified, Inc. v. Premier Election Solutions, Inc.*, 2010 WL 1049793, *2 n.2 (M.D. Fla. Mar. 22, 2010) (affirming the magistrate judge's decision to strike seven motions for summary judgment filed by a single plaintiff). Accordingly, duplicative motions for summary judgment are not permitted.

All ten of Defendants' motions for summary judgment address common questions of law and fact. Moreover, the duplicative motions were filed without first obtaining the Court's permission pursuant to Local Rule 3.01(d). Accordingly, all ten motions are due to be stricken. All Defendants will be directed to file a single consolidated motion for summary judgment and supporting memorandum addressing all common arguments and defenses. Additionally, Defendants Star Transportation Management, Inc. and Star Parking Solutions, Inc. will be granted leave to file an additional motion for summary judgment limited to those defenses and arguments pertaining only to them—specifically the inactivity, "single employer," and administrative remedies arguments. Plaintiffs' will be limited to filing one consolidated response to each of Defendants' motions for summary judgment.

Finally, the Court notes that, including the summary judgment motions,

Defendants have filed nearly forty motions in the month of October alone. The Court reminds Defendants that unreasonable and vexatious multiplication of proceedings is highly disfavored. *See* 28 U.S.C. § 1927.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiffs' Motion to Strike Defendants' Multiple Motions for Summary Judgment and Incorporated Memorandum of Law (Doc. 162) is **GRANTED**.

2. Defendants Star Taxi, Inc. and Transtar Transportation Group, Inc.'s Motions for Summary Judgment Against Individual Plaintiffs (Docs. 136, 143, 147, 148, 151, 152, 153, 154, 156) are **STRICKEN**.

3. Defendants Star Transportation Management, Inc. and Star Parking Solutions, Inc.'s Motion for Summary Judgment Against Plaintiffs and Incorporated Memorandum of Law (Doc. 155) is **STRICKEN**.

4. The Clerk is **DIRECTED** to remove Defendants' motions for summary judgment (Docs. 136, 143, 147, 148, 151, 152, 153, 154, 155, 156) from the record.

5. On or before Monday, November 11, 2013, all Defendants are **DIRECTED** to file one (1) consolidated motion for summary judgment and supporting memorandum not exceeding twenty-five (25) pages and addressing all common arguments and defenses.

6. Defendants Star Transportation Management, Inc. and Star Parking Solutions, Inc. are **GRANTED LEAVE** to file, on or before Monday, November 11, 2013, an additional motion for summary judgment not to

      exceed fifteen (15) pages and limited to those defenses and arguments pertaining only to them—specifically the inactivity, "single employer," and administrative remedies arguments.

7. Plaintiffs are **DIRECTED** to limit responses to Defendants' motions for summary judgment to one (1) consolidated response to each motion. Responses must comply with the Local Rules, the Case Management and Scheduling Order (Doc. 26), and the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 29, 2013.

*[signature]*
ROY B. DALTON JR.
United States District Judge

Copies: