**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MOHAMED BENHASSINE; NIZAR MIRI; MOHAMED SAIDI; EZZEDDINE KHADHOURIA; KHALID SALHI; ZIED AOUADI; REDOUANE MANOUANI; FATHI BENAMOR; and ABDELRAHIM MEDDOUCH,

        Plaintiffs,

v.

STAR TRANSPORTATION MANAGEMENT, INC.; TRANSTAR TRANSPORTATION GROUP, INC.; ALL ACCESS INTERNATIONAL, INC.; and STAR PARKING SOLUTIONS, INC.,

        Defendants.

Case No. 6:12-cv-1508-Orl-37GJK

**ORDER**

This cause is before the Court on the following:

1. Magistrate Judge Gregory J. Kelly's Order (Doc. 158), filed October 22, 2013; and

2. Plaintiffs' Objections to Honorable Magistrate Kelly's October 22, 2013 Order Denying Plaintiff's Motion for Enlargement of Time to File Plaintiffs' Motion to Strike Defendants' Expert Witness Testimony and/or Motion for Reconsideration, and Memorandum of Law (Doc. 165), filed November 4, 2013.

Upon consideration, the Court finds that Plaintiff's Objections (Doc. 165) are due to be overruled.

Pursuant to the Court's Case Management and Scheduling Order, the deadline for filing *Daubert* motions was October 18, 2013. (*See* Doc. 26, p. 1.) When October 18 arrived, Plaintiffs moved for an extension, arguing that discovery delays and the time required to respond to Defendants' frivolous and duplicative filings had hampered Plaintiffs' ability to meet the deadline. (Doc. 134, pp. 1–3.) Magistrate Judge Kelly denied the motion, finding that Plaintiffs had not shown good cause for missing the deadline; he reasoned that Plaintiffs had contributed to many of the discovery delays, they could have mitigated harm from the delays by taking action at an earlier date, and they should have been prepared to respond to multiple motions—a "fundamental and routine responsibility for counsel." (Doc. 158, pp. 2–4.) Plaintiffs object to Magistrate Judge Kelly's nondispositive order. (Doc. 165.)

"Under Rule 72(a), a [party] may object to a nondispositive order entered by a magistrate judge, but in order to prevail, it must establish that the order is clearly erroneous or contrary to law." *Howard v. Hartford Life & Acc. Ins. Co.*, 769 F. Supp. 2d 1366, 1372 (M.D. Fla. 2011); *see also* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). In this case, the Court agrees with Magistrate Judge Kelly that Plaintiffs have not shown good cause for their failure to comply with the deadlines in the Case Management and Scheduling Order. Thus, the Court finds that Magistrate Judge Kelly's Order is neither clearly erroneous nor contrary to law.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiffs' Objections to Magistrate Judge Kelly's October 22, 2013 Order Denying Plaintiff's Motion for Enlargement of Time to File Plaintiffs' Motion to Strike Defendants' Expert Witness Testimony and/or Motion for Reconsideration, and Memorandum of Law (Doc. 165) are **OVERRULED**.

    2.      Magistrate Judge Kelly's Order (Doc. 158) is **AFFIRMED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 14, 2013.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record